UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARKIS ROBERT BABEKIAN, Plaintiff, v. GENERAL MOTORS, LLC, Defendant. | No. 2:25-cv-03412-DAD-JDP<br><br><u>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING THIS ACTION TO THE SACRAMENTO COUNTY SUPERIOR COURT</u><br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court. (Doc. No. 9). On February 18, 2026, the motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 13.) For the reasons set forth below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

On August 29, 2025, plaintiff Sarkis Robert Babekian filed this action against defendant General Motors, LLC and Does 1–10 in the Sacramento County Superior Court. (Doc. No. 1-1 at 6.) In his complaint, plaintiff alleges as follows.

On or around May 18, 2024, plaintiff leased a 2024 GMC Sierra 1500 that was manufactured and/or distributed by defendant. (*Id.* at ¶ 9.) Plaintiff received express warranties from defendant in connection with his lease of the vehicle. (*Id* at ¶ 11.) During the warranty

period, the vehicle experienced engine system and infotainment defects. (*Id* at ¶ 12.) Plaintiff delivered the vehicle for repair to defendant and/or its authorized repair facilities. (*Id* at ¶ 13.) Defendant and/or its authorized repair facilities failed to repair the vehicle and have not replaced the vehicle or made restitution to plaintiff. (*Id.* at ¶¶ 14–15.)

Based on these and other allegations, plaintiff asserts the following four causes of action: (1) failure to service or repair in violation of the Song-Beverly Act, California Civil Code § 1793.2(d); (2) failure to commence repairs within a reasonable time in violation of the Song-Beverly Act, California Civil Code § 1793.2(b); (3) failure to make available sufficient replacement parts and service literature to effect repairs in violation of the Song Beverly Act, California Civil Code § 1793.2(a)(3); and (4) breach of the implied warranty of merchantability in violation of California Civil Code §§ 1791.1, *et seq*. (*Id.* at ¶¶ 8–33.) Plaintiff seeks, among other forms of relief, actual damages, restitution, "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c)[,]" and reasonable attorneys' fees. (*Id.* at 11.)

On November 20, 2025, defendant General Motors removed this action to this federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the grounds that diversity jurisdiction exists because there is complete diversity between plaintiff and defendant and the amount in controversy in this action exceeds $75,000.00. (Doc. No. 1.)

On December 22, 2025, plaintiff moved to remand this action to the Sacramento County Superior Court, arguing that the removal was untimely and diversity jurisdiction is lacking. (Doc. No. 9 at 7–9.) On January 5, 2026, defendant General Motors filed an opposition to plaintiff's motion to remand. (Doc. No. 11.) On February 17, 2026, plaintiff filed a reply thereto. (Doc. No. 12.)

**LEGAL STANDARD**

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship

/////

among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

**ANALYSIS**

As noted, plaintiff argues that defendant's removal of this action was untimely and defendant has not adequately demonstrated that the amount in controversy exceeds $75,000.00. (Doc. No. 9.) In opposition, defendant argues that removal was timely in light of the fact that plaintiff's citizenship and the amount in controversy could not be ascertained from the face of plaintiff's complaint. (Doc. No. 11 at 19–22.) Defendant also contends that the amount in controversy exceeds $75,000.00 based upon the actual damages and civil penalties that plaintiff seeks to recover in this case. (*Id.* at 23–24.) The court will address each issue in turn.

**A. Timeliness**

The court turns first to plaintiff's argument that defendant's removal was untimely under § 1446(b)(1). Plaintiff argues that his state of citizenship and the amount in controversy is ascertainable on the face of his complaint, and therefore defendant was required to remove this

/////

/////

/////

/////

/////

action within 30 days of the filing of the complaint.[1] (Doc. No. 9 at 8–9.) Defendant contends plaintiff's citizenship and the amount in controversy are indeterminate based solely on the face of plaintiff's complaint, and therefore the 30 day deadline for removal does not apply. (Doc. No. 11 at 19–23.) Instead, defendant avers that it removed based on its own investigation, which concluded in the 30 days prior to its removal to this court. (Doc. No. 1 at 2.)

To remove a case to federal court, the defendant must timely file a notice of removal. 28 U.S.C. § 1446(a)–(c). "The statute provides two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)). "[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Id.* at 694. "Additionally, 28 U.S.C. § 1446(b) prevents, at least in the context of removal based on diversity, unreasonable waste of judicial resources by limiting the extended period of removal to one year after 'commencement of the action.'" *Id.* at 697.

"Stating a plaintiff's residence in a complaint is insufficient, by itself, to trigger the thirty-day removal period." *Ramirez v. Gen. Motors LLC*, No. 1:25-cv-01605-KES-SAB, 2026 WL 2640902, at *2 (E.D. Cal. Sept. 8, 2026) (citing *Harris*, 425 F.3d at 695–96). "A person's citizenship is determined by their state of domicile, not their state of residence." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Here, because the complaint alleges only plaintiff's residency, not his domicile or citizenship, and plaintiff provided defendant no supplemental paper attesting to his domicile or citizenship, neither 30-day window for removal was triggered. (Doc.

[1] Plaintiff also initially argues that defendant's removal was untimely because federal question jurisdiction is ascertainable from the face of the complaint. (*See* Doc. No. 9 at 7.) Plaintiff claims his complaint includes a cause of action under the Magnuson-Moss Warranty Act. (*Id.*) As defendant correctly points out, the complaint contains no such cause of action. (Doc. No. 11 at 19); (*see generally* Doc. No. 1-1.) Plaintiff provides no explanation for his contention in this regard in his reply. Accordingly, the court concludes that plaintiff alleges no federal cause of action from which defendant could have ascertained federal question jurisdiction.

No. 1-1 at ¶ 2) ("Plaintiff is, and at all times relevant herein was, a *resident* of Rocklin, California." (emphasis added)). The court therefore need not address whether the amount in controversy was ascertainable from the complaint or other pleadings or papers.

Because defendant removed based instead on its own investigation and filed its notice of removal within one year of the filing of plaintiff's complaint, the removal is timely. *See* 28 U.S.C. § 1446(b); *Ramirez*, 2026 WL 2640902, at *2 (holding that removal was timely where the plaintiff only alleged their residence and no "additional pleading or document beyond the complaint rendered their citizenship ascertainable by defendants more than thirty days prior to [defendant]'s filing of its notice of removal"); *Iniquez v. Ford Motor Co.*, No. 2:25-cv-00055-SK, 2025 WL 1042712, at *2 (C.D. Cal. Mar. 21, 2025) ("Here, neither 30-day deadline provided in § 1446(b) was triggered, so Defendant did not need to file its removal notice within 30 days of its receipt of Plaintiff's complaint or some other paper from which removability could be discerned. Otherwise, since Defendant filed its notice of removal within one year of the complaint's filing, the removal was timely under § 1446(c)(1).").

**B. Amount in Controversy**

Next, plaintiff argues that defendant has not demonstrated that the amount in controversy requirement is satisfied.[2] (Doc. No. 9 at 14–17.) Defendant argues that the amount in controversy—pursuant to its calculation $35,739.94 in actual damages, $71,479.88 in civil penalty, and "at least" $15,000 in attorneys' fees—exceeds the jurisdictional threshold of $75,000.00. (*See* Doc. No. 11 at 23–25.)

1. <u>Actual Damages</u>

Defendant argues that $34,739.94 (total lease value minus mileage use offset) is the amount of actual damages at issue. (*Id.* at 23–25.) Plaintiff provides no alternative calculation or estimate of the amount of actual damages he seeks; plaintiff simply asserts that defendant's actual damages calculation is speculative. (Doc. No. at 12 at 6–8.)

/////

[2] Plaintiff does not contest that there exists complete diversity of citizenship between the parties.

"Under the Song-Beverly Act, actual damages include 'restitution in an amount equal to the actual price paid or payable by the buyer,' less 'the amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor.'" *West v. FCA US LLC*, No. 1:24-cv-00293-JLT-CDB, 2024 WL 3298911, at *4 (E.D. Cal. July 3, 2024) (quoting Cal. Civ. Code § 1793.2(d)(2)(B)–(C)). "[T]he amount directly attributable to use by the buyer 'shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity.'" *Lopez v. FCA US LLC*, No. 1:18-cv-01487-DAD-SAB, 2019 WL 2591101, at *3 (E.D. Cal. June 25, 2019) (quoting Cal. Civ. Code § 1793.2(d)(2)(C)). In addition to buyers, the Act applies to lessees of new motor vehicles. *West*, 2024 WL 3298911, at *4 (citing Cal. Civ. Code §§ 1795.4, 1793.2(d)(2)(D)).

Here, defendant incorrectly calculates the potential actual damages because it relies on the total lease value rather than the amount of lease payments *actually* made. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002) ("Limiting [plaintiff]'s recovery to [lease] payments actually made is consistent with the logic and purpose of the Song-Beverly Act to make the consumer whole."); *Paez v. Ford Motor Co.*, No. 2:24-cv-03099-MCS-AGR, 2024 WL 5311211, at *2 (C.D. Cal. July 9, 2024); *West*, 2024 WL 3298911, at *5 (citing *Brady* and explaining that courts within this circuit "reject calculations that do not indicate the amount of lease payments actually made"). Using the actual amount plaintiff has paid on his lease, the court

/////

/////

/////

/////

/////

/////

/////

estimates plaintiff's actual damages, before applying applicable offsets, are $19,475.30.[3] As described above, the court must reduce the actual amount paid by plaintiff by the use offset, which the court concludes is $1,750.99.[4] Accordingly, the court finds that the actual damages in controversy in this case total $17,724.31.

2. Civil Penalty

In addition to actual damages, plaintiff requests "a civil penalty in the amount of two times [p]laintiff's actual damages pursuant to Civil Code section 1794(c)[.]" (*E.g.*, Doc. No. 1-1 at 11.) Plaintiff argues that this civil penalty should not be included in calculating the amount in controversy because defendant's estimated actual damages are speculative and defendant has not offered evidence of willfulness that might support such an award. (Doc. No. 9 at 15–16.) Defendant argues, in turn, that the estimated actual damages are not speculative and plaintiff has *alleged* willfulness, which is all that is required. (Doc. No. 11 at 24.)

"Song-Beverly civil penalties should be included in the amount in controversy calculation when a plaintiff alleges the action was willful and seeks civil penalties under the act." *Watson v. BMW of N. Am., LLC*, No. 2:22-cv-01514-DAD-JDP, 2022 WL 12442891, at *3 (E.D. Cal. Oct.

---

[3] Defendant submits evidence of actual payments made through August 2025, for a total of 15 payments. (Doc. No. 11-4.) "[T]he proper estimate of restitution in this circumstance—where the Subject Vehicle's sales price has been only partially paid by [p]laintiffs, but the total number of payments made have not been disclosed by either party—should be calculated by adding the value of [p]laintiffs' down payment to the sum of every monthly payment made before the filing of the instant lawsuit." *Degruy v. Mercedes-Benz USA, LLC*, No. 2:25-cv-07099-SVW-BFM, 2026 WL 192654, at *2 (C.D. Cal. Jan. 23, 2026); *Gomez v. Nissan N. Am., Inc.*, No. 2:24-cv-09020-SVW, 2025 WL 26368, at *5 (C.D. Cal. Jan. 3, 2025) (calculating actual damages based on the number of lease payments made before plaintiff filed suit plus the initial fee paid at lease signing where neither party provided adequate information for the court to determine how much plaintiff had paid on her lease). Because the parties have not disclosed whether additional payments after August 2025 have been made by plaintiff, and given that the complaint was filed on August 29, 2025, the court uses the sum of the 15 lease payments made: (15 payments) x ($965.02) + $5,000.00 (initial fee) = $19,475.30.

[4] This number differs from defendant's estimated mileage use offset ($3,530.76), (Doc. No. 11 at 23), because defendant uses the total value of the lease rather than actual payments made. *See Gomez*, 2025 WL 26368, at *5 n.2 (using total lease payments actually made to calculate mileage use offset). Accordingly, in calculating plaintiff's actual damages the court uses the formula described above and the total lease payments made in order to calculate the use offset: $19,475.30 (actual price paid) x (10,789 miles / 120,000) = $1,750.99.

21, 2022)). Because plaintiff seeks civil penalties (Doc. No. 1-1 at 11) and alleges that the violations were willful (*id.* at ¶¶ 17, 24, 28), the court will include the full civil penalty of two times actual damages in the amount in controversy calculation. The civil penalty therefore comes to $35,448.62—twice the estimated actual damages of $17,724.31. Including both the actual damages and the civil penalty, the amount in controversy totals $53,172.93.

3. Attorneys' Fees

Defendant argues that plaintiff will demand "at least" $15,000 in attorneys' fees, which should be factored into the amount in controversy calculation. (Doc. No. 11 at 25.) Plaintiff contends that prospective attorneys' fees should be excluded from the amount in controversy calculation but, even if they were included, defendant has failed to demonstrate that they amount to at least $15,000. (Doc. No. 12 at 12–15.)

The Song-Beverly Act provides for an award of attorneys' fees. Cal. Civ. Code § 1794(e). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Moreover, "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Nevertheless, in *Fritsch* the Ninth Circuit concluded that "district courts are well equipped to determine whether defendants have carried their burden of proving future attorneys' fees[.]" *Id.* at 795. It is required that "a removing defendant . . . prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence." *Id.*

Here, given that the total of actual damages and civil penalties is $53,172.93, the amount in controversy requirement would still not be met even if the court included the $15,000 in attorneys' fees forecasted by defendant. The court therefore need not reach a finding as to whether defendant's proposed estimate of attorneys' fees is reasonable in order to conclude that it has not met its burden of establishing that the amount in controversy exceeds $75,000.00. *Pena v. Gen. Motors LLC*, No. 2:25-cv-07587-SVW-JC, 2026 WL 292421, at *5 (C.D. Cal. Feb. 3,

2026) (explaining that the court need not reach a finding as to whether defendant's forecasted attorneys' fees of "at least $15,000" were reasonable where the amount in controversy would not have satisfied the jurisdictional threshold even if the court included them).

Ultimately, the court finds that defendant has not satisfied its burden of demonstrating by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. Therefore, the court finds that it lacks subject matter jurisdiction and must remand this action to the Sacramento County Superior Court.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion to remand this action (Doc. No. 9) is GRANTED;
2. This action is REMANDED to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE